

STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243

**CERTIFIED MAIL**

7012 3460 0002 8943 5633

FIRST CLASS
$07.61
JUN 05 2014
MAILED FROM ZIP CODE 37243

Jennifer B
4th floor
claim

RECEIVED
JUN 10 2014
By PC

7012 3460 0002 8943 5633      6/4/14
NATIONAL LLOYDS INSURANCE COMPANY
P O BOX 2650, % MELINDA HOLCOMB
WACO, TX 76702

6/10/14

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
500 James Robertson Parkway
Nashville, TN 37243-1131
PH - 615.532.5260, FX - 615.532.2788
Jerald.E.Gilbert@tn.gov

June 04, 2014

National Lloyds Insurance Company
P O Box 2650, % Melinda Holcomb
Waco, TX 76702
NAIC # 15474

Certified Mail
Return Receipt Requested
7012 3460 0002 8943 5633
Cashier # 15830

Re: Betty Benge (Campbell) V. National Lloyds Insurance Company

Docket # 2014-Cv-46

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served June 04, 2014, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Campbell County
    P O Box 182
    Jacksboro, Tn 37757

# STATE OF TENNESSEE
## CHANCERY COURT OF CAMPBELL COUNTY, TENNESSEE

Betty Benge (Campbell), )
)
    Plaintiff, )
)
v. )   No. 2014-CV-46
)
National Lloyds Insurance Company, )
)
    Defendant. )

**DEFENDANTS COPY**

I, Wm. F. Archer, Clerk & Master of Campbell County, do hereby certify that the foregoing is a true and perfect copy of _Summons / Complaint_ As same appears of record in my office and that I am the official custodian of this record. Witness my hand and official seal at office this the _23_ day of _May_, 20_14_.
Clerk & Master _Wm. F. Archer_
_by Calvin Manley-DC._

## SUMMONS

**To the above named Defendant(s):** National Lloyds Insurance Company
By and through the Tenn. Commissioner of Insurance
510 North Valley Mills Drive
P.O. Box 2650
Waco, Texas 76702-2650

You are hereby summoned and required to serve upon, VIC PRYOR, Plaintiff's attorney, whose address is P.O. Box 103, Jacksboro, TN 37757, an answer to the Complaint which is herewith served upon you within (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, WILLIAM F. ARCHER, Clerk & Master of said Court, at office the _23_ day of _May_ A.D., _2014_, at _3:47_ o'clock _P._ M.

_William F. Archer_, Clerk
By _Calvin Manley_
Deputy Clerk

**NOTICE TO THE DEFENDANT(S):**

If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. [T.C.A., § 26-2-114]

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, 2014, I served this summons together with the Complaint, Cost bond, Interrogatories and Request for Production of Documents herein as follows:
Person served:_____ Means served: _____
Where:_____

Process Server
Address:

Betty Benge (Campbell) )
14533 Peaceful Valley Road )
Abingdon, VA 24210 )
)
)
)
)
    Plaintiff, )
)
v. )    No. 2014-CV-46
)
National Lloyds Insurance Company )
By and through the Tenn. Commissioner of Insurance )
510 North Valley Mills Drive )
P.O. Box 2650 )
Waco, Texas 76702-2650 )
)
    Defendant. )

# COMPLAINT

**COMES NOW PLAINTIFF**, by and through counsel, and for cause of action would show unto this Honorable Court:

1. Plaintiff, Betty Benge (Campbell), at all times relevant was a citizen and resident of Campbell County, Tennessee. The insurance contract that is the subject matter of this dispute was executed in Campbell County, Tennessee. The casualty that gave rise to this action occurred in Campbell County, Tennessee. Accordingly proper jurisdiction and venue lies in the Chancery Court for Campbell County, Tennessee

2. Defendant National Lloyds Insurance Company (hereinafter referred to as "Lloyds") is a foreign corporation authorized and conducting insurance business in the State of Tennessee.

3. At all times relevant, Plaintiff was the proprietor of a clothing and accessory store known as "Fashion Trendz" located at 109 Cumberland Lane, Jacksboro, Tennessee

4. On January 5, 2012, Defendant issued Policy No. TG0000082, a commercial property insurance policy to cover the Plaintiff's contents at her Fashion Trendz store located at 109 Cumberland Lane, Jacksboro, TN 37757, which covered losses up to the policy amount of $50,000.

5. On or about July 2, 2012, the Fashion Trendz experienced a fire which destroyed substantially all its inventory at no fault of Plaintiff.

6. The losses suffered by Plaintiff exceeded $50,000.

7. Lloyds denied Plaintiff's claim for fire coverage on January 9, 2013 (*See letter attached hereto as Exhibit A*).

8. Defendant denied coverage for the fire loss based on the asserting that Plaintiff "concealed and/or misrepresented material facts relating to your [her]claim and the amount thereof."

9. Plaintiff cooperated to the best of her ability in the Defendant's investigation of the claim and is willing to continue to cooperate.

10. Plaintiff made no statements with the intent to deceive, conceal relevant information or defraud Defendant.

11. Defendant's failure to provide coverage for Plaintiff's loss is a breach of the contract.

12. Plaintiff has complied with all policy provisions to the best of her ability.

13. Based on Plaintiff's reliance and Defendant's refusal to abide by the terms of the Policy, Plaintiff has suffered severe economic loss for the contents of her store and the profit she would have made from those items. Plaintiff has been unable to continue in business as a result of her loss. Plaintiff has suffered incidental and consequential damages as a result of the fire loss on July 2, 2012.

14. Defendant has wrongfully failed to honor the provisions of the policy and are guilty of breach

-2-

Case 3:14-cv-00305-TAV-CCS   Document 1-2   Filed 07/01/14   Page 5 of 11   PageID #: 10

of contract.

15. The Policy should be declared valid and enforceable pursuant to the Tennessee Declaratory Judgment Act, T.C.A. § 29-14-101, *et seq.*

16. Formal demand for payment pursuant to T.C.A.§ 56-7-105 has been made and payment on the policy has been denied. Defendant has failed to act in good faith pursuant to T.C.A.§ 56-7-105, and upon a finding of enforceability of the policy, a twenty-five (25%) bad faith penalty should be assessed against Defendant.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY REQUESTS:

1. That process issue requiring Defendant to answer within the time required by law, lest a default judgment be entered against them.

2. That upon trial of this matter, the Court issue judgment declaring the contract of insurance valid and enforceable pursuant to T.C.A § 29-14-101, *et seq.*

3. That upon trial of this matter, Plaintiff be awarded compensatory damages of the insured value of real property, contents and other damages allowable pursuant to the terms of the Policy up to the policy amount of $50,000 as well as other incidental and consequential damages.

4. That upon trial of this matter, Plaintiff be awarded pre-judgment interest in an amount the Court feels is just and proper.

5. That upon trial of this matter, the Court award discretionary costs and attorney's fees incurred in the prosecution of this action to Plaintiff.

6. That the Court award Plaintiff such other, further and general relief as it may deem Plaintiff entitled.

7. That a bad faith penalty of Twenty-Five Percent (25%) be calculated upon Plaintiff's

damages and awarded pursuant to T.C.A § 56-7-105.

8. That the costs of this cause be taxed to Defendant.

RESPECTFULLY SUBMITTED this 23rd day of May, 2014.

_____
VIC PRYOR                BPR #12217
**PryorParrott PC**
Attorney for Plaintiff
P.O. Box 103
Jacksboro, Tennessee 37757
Telephone:    (423) 907-0907
Fax:          (423) 907-0079

# COST BOND

**KNOW ALL MEN BY THESE PRESENT:**

That we, Betty Benge (Campbell), Principal, and the undersigned Surety, are jointly and severally held and firmly bound unto Campbell County, Tennessee, to be void on condition that the said above bound Principal doth with effect prosecute an action which they are about to commence in the Chancery Court for Campbell County, Tennessee, in the above styled action, or pay all such costs and damages as may at any time be adjudged against the said above bound principal for failure so to do.

Witness our hands this 23rd day of May, 2014.

s/Betty Benge (Campbell)/by Vic Pryor, Atty
_____
PRINCIPAL

_____
SURETY

-4-

 

# NATIONAL LLOYDS
# AMERICAN SUMMIT
## INSURANCE COMPANIES

510 North Valley Mills Drive / Waco, Texas 76710 / P.O. Box 2650 / Waco, Texas 76702-2650
(800) 749-6419/ WWW.NATLLOYDS.COM / WWW.AMERICAN-SUMMIT.COM

January 9, 2013

Betty Benge
dba Fashion Trendz
109 Cumberland LN
Jacksboro, TN 37757

RE:   Insurer: National Lloyds Insurance Company
       Insured: Betty Benge dba Fashion Trendz
       Claim No. NL328007
       Policy No. TG0000082
       DOL: July 2, 2012
       Type: Fire

Dear Ms. Benge:

Under the above referenced claim you have made a request for policy proceeds under the policy of insurance referenced above, during the policy period set forth in the policy declarations of January 5, 2012 to January 5, 2013. The company has conducted an investigation of the fire, including an Examination Under Oath given by you on November 20, 2012. At that time you disclosed various financial documents which related to your financial condition at the time of the loss and the condition of the above referenced business at the time of the loss.

    The policy of insurance issued to you contains the following salient provisions.

\* \* \*

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

\* \* \*

A. Coverage

    We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

EXHIBIT A

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of insurance is shown in the Declarations for that type of property.

a. **Building**, meaning the building or structure described in the Declarations, including:

   (1) Completed additions;
   (2) Fixtures, including outdoor fixtures;
   (3) Permanently installed;
      (a) Machinery and
      (b) Equipment;
   (4) Personal property owned by you that is used to maintain or service the building or structure or its premises, including:
      (a) Fire extinguishing equipment;
      (b) Outdoor furniture;
      (c) Floor coverings; and Appliances used for refrigerating,
      (d) ventilating, cooking, dishwashing or laundering;

\* \* \*

b. **Your Business Personal Property** located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises, consisting of the following unless otherwise specified in the Declarations or on the Your Business Personal Property – Separation of Coverage form;

   (1) Furniture and Fixtures;
   (2) Machinery and equipment;
   (3) "Stock";
   (4) All other personal property owned by you and used in your business;
   (5) Labor, materials or services furnished or arranged by you on personal property of others;
   (6) Your use interest as tenant in improvements and betterments, Improvements and betterments are fixtures, alterations, installations or additions:
      (a) Made a part of the building or structure you occupy but do not own; and
      (b) Your acquired or made at your expense but cannot legally remove;

\* \* \*

## COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

### A. CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This Coverage Part;

2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this Covered Part.

\* \* \*

## STANDARD PROPERTY POLICY

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

\* \* \*

A. **Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1. Covered Property
    Covered Property, as used in this policy, means the type of property described in the section, **A.1.**, and limited in **A.2.**, Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.
    a. Building, meaning the building or structure described in the Declarations, including:
        (1) Completed additions;
        (2) Fixtures, including outdoor fixtures;
        (3) Permanently installed:
            (a) Machinery and
            (b) Equipment;
        (4) Personal property owned by you that is used to maintain or service the building or structure or its premises, including:
            (a) Fire extinguishing equipment;
            (b) Outdoor furniture;
            (c) Floor coverings; and
            (d) Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering:

\* \* \*

b. Your business Personal Property located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises, consisting of the following unless otherwise specified in the Declarations or on the Your Business Personal Property – Separation of Coverage form:

(1) Furniture and fixtures;
(2) Machinery and equipment;
(3) "Stock";
(4) All other personal property owned by you and used in your business;
(5) Labor, materials or services furnished or arranged by you on personal property of others;

(6) Your use interest as tenant in improvements and betterments. Improvements and betterments are fixtures, alterations, installations or additions:
   (a) Made a part of the building or structure you occupy but do not own; and
   (b) You acquired or made at your expense but cannot legally remove;
(7) Leased personal property for which you have a contractual responsibility to insure, unless otherwise provide for under Personal Property of Others.

\* \* \*

2. **Concealment, Misrepresentation Or Fraud**

This policy is void in any case of fraud by you as it relates to this Coverage at any time. It is also void if you or any other insured, at any time, intentionally conceals or misrepresents a material fact concerning:

a. This Policy;
b. the Covered Property;
c. Your interest in the Covered Property; or
d. A claim under this Policy.

\* \* \*

Based upon the facts confirmed in your Examination Under Oath, the financial records you disclosed to us, and other investigation of the facts and circumstances surrounding the loss, National Lloyds Insurance Company must respectfully deny your claim for proceeds under the above referenced policy. It is the position of the company that you have concealed and/or misrepresented material facts relating to your claim and the amount thereof. By basing its denial of your claim upon the aforestated contractual provisions, the company does not waive any other contractual provision contained in the policy issued to you, and nor should such action be deemed by you as a waiver of any of the rights that National Lloyds Insurance Company may have under the policy of insurance or the common law of the State of Tennessee. Should you have any questions regarding this correspondence, please do not hesitate to contact me.

Sincerely,

*Jacklynn Vazquez*

Jacklynn Vazquez
Claims Adjuster
Ph: 254-981-7181
1-800-749-6419
Fax: 254 730-9181
jvazquez@natlloyds.com
jvazquez@american-summit.com

Cc: Via Regular US Mail